IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 04-30139-WDS |
| ) | |
| DOUGLAS FARMER, ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

This matter is before the Court on defendant Douglas Farmer's Motion for Reconsideration of Defendant's Bond which the Court construes as a motion for de novo review of its order of detention pursuant to 18 U.S.C. § 3145(b) of the Bail Reform Act. The Court held a hearing on the motion and took the matter under advisement. Section 3145(b) provides:

> (b) Review of a detention order.– If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

**BACKGROUND:**

The defendant is charged by the grand jury in a multiple-count indictment of one count of conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of a mixture or substance containing cocaine and cocaine base, and 100 kilograms or more of a mixture or substance containing marijuana. If convicted of the charged offense, the defendant would be facing a term of imprisonment of a minimum of 10 years to a maximum of life.

    A.    <u>Detention Ordered by Magistrate Judge</u>

The defendant waived his detention hearing (*see* Doc. 48) before Magistrate Judge Clifford J. Proud, and the defendant was ordered held without bond.[1] (*See* Doc. 51.)  The defendant now seeks review of that order on the grounds that being held without bond violates his rights under the Eighth Amendment.

  B. <u>Pretrial Services Report, Indictment and Evidence Presented at the De Novo Hearing</u>

The Court has considered the pretrial services report, and the charges contained in the indictment, together with the evidence presented by way of proffer in support of and in opposition to the defendant's motion, as well as the arguments of counsel.

Defendant was born in Sikeston, Missouri, and raised in St. Louis, Missouri.  He moved to the Southern District of Illinois in 1998.  For the past year, the defendant has been residing with his girlfriend in Swansea, Illinois.  The defendant has seven children from various relationships, who reside in St. Louis, Missouri, Fairview Heights, Illinois, and East St. Louis, Illinois.  For the past two years he has been self-employed rehabilitating homes.

The proffer and pretrial services report reveal that the defendant has a long criminal history which includes arrests for violence, weapons, and drug-related charges. He has never been convicted of a felony.  At the time of his arrest on the instant charge, the defendant was found with a firearm, and has a history of carrying firearms.  The defendant has failed to appear on six separate charges, and there is an outstanding warrant on the defendant in the State of  Missouri.

The government's proffer also showed that the defendant was one of the leaders in the charged conspiracy, which dealt with multiple kilos of powder cocaine, cocaine base, and marijuana over a long period of time.

---

[1] The government initially argues that the defendant's waiver of his detention hearing before the magistrate judge precludes the Court's de novo review.  The government has not submitted any case law in support of this proposition, and the Court is unaware of any precedent that would preclude its de novo review in this instance.

**DETENTION STANDARDS:**

18 U.S.C. § 3142(e) provides for detention (after a hearing held in accordance with §3142(f)) if the judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."   In making this determination, § 3142(g) provides that the Court shall consider and:

> take into account the available information concerning–
> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person; including–
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;
> B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

A rebuttable presumption exists in favor of detention under 18 U.S.C. § 3142(e) when the defendant is facing charges under the Controlled Substances Act which could result in a sentence of ten or more years.  The presumption acts to shift the burden of production but not the burden of persuasion, to the defendant.  *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985).  Therefore the Court will consider the presumption in favor of detention as a factor in its determination whether any condition or combination of conditions exist that would reasonably assure the defendant's appearance and the safety of the community. *Id.* at 764 n.7.

It is the government's burden to show by a preponderance of the evidence, pursuant to §3142(f)(2), that there is a serious risk that the defendant will fail to appear for trial if he is not detained. *Id.* at 765.  When the basis for detention is the danger the defendant presents to others and the community, the government must prove by clear and convincing evidence that no condition

or set of conditions exists that will assure the safety of the community. 18 U.S.C. §3142(f)(2)(B). Risk of flight and danger to the community are "distinct statutory sources of authority to detain." *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir.1985). Proof of one ground for detaining a defendant "is quite enough," making any discussion of the other ground "irrelevant." *Id*.

In finding that there is no condition or combination of conditions which reasonably will assure the defendant's appearance and the safety of any other person and the community, the Court should consider all available alternatives. Among the alternatives which may be considered are house arrest and a daily reporting scheme. The Court is not required to adopt any of these options, and may weigh heavily the gravity of the offense and the substantial penalties which may possibly be imposed against the defendant.

Here, based on the pretrial services report, the indictment, and the proffers of the parties, the Court **FINDS** that the defendant has failed to appear on some six charges, admittedly traffic and misdemeanor charges, and is also wanted in Missouri on an additional charge. Where there is evidence of defendant's failure to appear on some half dozen misdemeanor charges, and nothing has been presented by the defendant, other than an offer to make a reasonable bond, to rebut the presumption of 18 U.S.C. § 3142(e), the Court further **FINDS** by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

The Court also finds, based on the indictment, proffers of the parties, and the government's motion for protective order, that, in addition to the large amount of drugs involved in this extensive conspiracy, the defendant, and some of his co-defendants, possessed guns in connection with their drug activities, and there were acts of violence associated with the drug dealings of the defendants.

The Court, therefore, further **FINDS** by clear and convincing evidence that the defendant has failed to rebut the presumption of 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

**CONCLUSION**

**ACCORDINGLY,** the Court **DENIES** the defendant's Motion For Reconsideration of Defendant's Bond, and, pursuant to 18 U.S.C. § 3142(i)(2)-(4), **ORDERS** that:

The defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and that the defendant shall be afforded reasonable opportunity for private consultation with his counsel, including the use of an interpreter, if necessary.  Upon order of this Court or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with Court proceedings.

**IT IS SO ORDERED.**

    Dated: June 24, 2005

                                                    s/*WILLIAM D. STIEHL*
                                                        **District Judge**