IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CRIMINAL NO. 04-30139-WDS |
| | ) |
| DOUGLAS FARMER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on defendant's motion to suppress evidence (Doc. 437) to which the government has filed a response (Doc. 446). The Court heard oral argument on the motion and took the matter under advisement.[1]

The defendant seeks, in his motion to suppress evidence seized by the government as a result of electronic surveillance and wiretap evidence of the defendant's cellular and residential telephone. The defendant asserts that the numerous extensions of the initial surveillance order violated the defendant's rights and amounted to excessive use of the government's surveillance authority.

The Seventh Circuit has held that:

> Federal law requires each wiretap application to contain a full and complete statement as to one of the following: (1) whether or not other investigative procedures have been tried and failed, (2) why other investigative procedures reasonably appear to be unlikely to succeed if tried, or (3) that other investigative procedures are too dangerous. See 18 U.S.C. § 2518(1)(c). We have previously held that "the government's burden of establishing its compliance with subsection 2518(1)(c) is not great" and should "be reviewed in a practical and commonsense fashion." *United States v. Zambrana*, 841 F.2d 1320, 1329 (7th Cir.1988).

---

[1]The Court previously granted that part of the defendant's motion which sought disclosure of the documents related to the surveillance and wiretap evidence (See. Order at Doc. 449).

*United States v. Ceballos*, 302 F.3d 679, 683 (7th Cir. 2002). In this case, each extension sought by the government included a "full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried ...." 18 U.S.C. § 2518(1)(c). Here, the Court's review of the applications reveals that they contained details as to the numerous factual bases for the government's assertions that the initial wiretaps, and the extensions of those wiretaps, were necessary to establish the full extent of the drug conspiracy, including the need to identify the sources as well as the individuals involved. In particular, the need to determine and evaluate defendant's involvement within the organization was a reasonable basis for the extensions granted by the Court of the initial wiretap authority. The extensions applications and affidavits are detailed in nature, setting forth the information received to the point when the extension was sought and the need to further investigate the organization.

The Seventh Circuit has held that "violation of the wiretap statute is not grounds for suppression unless the defendant can establish bad faith or prejudice."*Ceballos*, 302 F.3d at 684; *see also United States v. Matthews*, 213 F.3d 966, 969-70 (7th Cir. 2000). Upon review of the record, the Court **FINDS** that the defendant has not established that there was bad faith in the initial application or in any extension received by the government.

Accordingly, the Court **FINDS** no basis for suppression of the evidence and defendant's motion to suppress evidence is **DENIED** on all grounds.


**IT IS SO ORDERED**

**DATED:     March 31, 2006**

s/ WILLIAM D. STIEHL<br>DISTRICT JUDGE