IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CRIMINAL NO. 04-30139-WDS |
| | ) |
| DOUGLAS E. FARMER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

This matter is before the Court on defendant's second motion for reconsideration of his Order of detention (Doc. 549), pursuant to 18 U.S.C. § 3145(b) of the Bail Reform Act. The Court previously reviewed defendant's first motion (Doc. 179) and denied it (Doc. 294). The Court held a hearing and took the matter under advisement.

In support of his renewed motion, defendant asserts that he has been held in detention for approximately 21 months, and that when he waived his Speedy Trial rights he did not realize that it would take this long to get to trial in this matter. He asserts that his incarceration does not allow him access to a typewriter, to the outside, to any recreation, and that he needs medical attention. He disputes that when he was arrested he had a firearm, and that he has convictions that include violence. He asserts that his only prior convictions were for traffic violations. He further asserts that he is not a flight risk because of the presence of his family and children in the area. In addition, he has people willing to put up property as bond for him if he were to be released. The defendant submitted several letters in support of his request for release on bond

which the Court has considered.

## ANALYSIS

Section 3145(b) provides:

> (b) Review of a detention order.– If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.  The motion shall be determined promptly.

As the Court's prior order determined, defendant waived his detention hearing (*See* Doc. 48) before Magistrate Judge Clifford J. Proud, and was ordered held without bond. (*See* Doc. # 51) .

The Court has again reviewed the pretrial services report, the charges in the Indictment, arguments of the defendant and the government, as well as the letters in support of defendant's motion.  The Court's review of the record supports the prior determination that defendant has a long criminal history, which, despite his protests to the contrary, includes arrests for violence, weapons and drug-related charges.  Although defendant has not been convicted of a felony, there is evidence to support the government's position that at the time of his arrest the defendant was found with a firearm.   Defendant has an extensive history, on at least six separate occasions, of failing to appear in court as required.

The Supreme Court has held that the Bail Reform Act is constitutional because it "carefully limits the circumstances under which detention may be sought to the most serious of crimes." *United States v. Salerno,* 481 U.S. 739, 747 (1987).  The Court noted that under the Act "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

18 U.S.C. § 3142(e) provides for detention (after a hearing held in accordance with § 3142(f)) if the judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." In making this determination, § 3142(g) provides that the Court shall consider and:

> take into account the available information concerning–
> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence. . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the of the person; including–
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . .
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

It is the government's burden to show by a preponderance of the evidence, pursuant to § 3142(f)(2), that there is a serious risk that the defendant will fail to appear for trial if he is not detained. *United States v. Portes,* 786 F.2d 758, 765 (7th Cir. 1985). The Court **FINDS** that the government has made an adequate showing of this in light of defendant's prior, repeated history of failing to appear as required.

Risk of flight and danger to the community are "distinct statutory sources of authority to detain." *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir.1985). Proof of one ground for detaining a defendant "is quite enough,"making any discussion of the other ground "irrelevant." *Id*. In finding that there are no conditions or combinations of conditions which reasonably will assure the defendant's appearance and the safety of any other person and the community, the court should considered all available alternatives. Among the alternatives which may be

considered are: house arrest and a daily reporting scheme. The Court is not required to adopt any of these options, and may weigh the gravity of the offense and the substantial penalties which may possibly be imposed against the defendant.

The Court notes that there are no new conditions or circumstances offered by defendant in support of his motion. Although defendant has ties to the community and has been incarcerated for some time awaiting trial, he nonetheless is alleged to have been the leader of a very large drug distribution network that dealt in multiple kilograms of powder cocaine, cocaine base and marijuana over an extended period of time. There simply are no grounds which would support the release of the defendant at this time on bond.

## CONCLUSION

Upon review of the entire record, the Court **FINDS** that defendant has not presented any new grounds which persuaded the Court that it should reconsider its prior orders of detention in this case, and the defendant's second motion for reconsideration of bond is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 14, 2006.**

                                              **s/ WILLIAM D. STIEHL**
                                                **DISTRICT JUDGE**