IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CRIMINAL NO. 04-30139-WDS |
| | ) |
| DOUGLAS E. FARMER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

This matter is before the Court on defendant's motion for disqualification of district judge for bias and prejudice (Doc. 574), which is written in the first person, and therefore, appears to have been prepared by the defendant. It is, however, signed by the defendant and also signed by defense counsel, Daniel Reardon. The government has filed its objection to the defendant's motion (Doc. 575).

The motion for disqualification challenges the impartiality of this judge based on the following assertions: That the defendant has been held in the county jail for some time awaiting trial; that this judge is biased against the defendant; that he did not have a firearm at the time of his arrest in his possession, but he did have a FOID card at that time; that he has only had one prior drug charge, but that charge was dismissed; that he was arrested and charged in state court with assault, but that the charges were dismissed; that by allowing defendant's prior counsel, David O. Fischer, to be removed as counsel he has been denied a fair trial; that he needs to make bail so that he can work and make arrangements to have another attorney; that this judge has failed to act upon pleadings in a timely manner; that this judge has acted toward the defendant in

1

a manner that is contrary to law, arbitrary and capricious and has been an abuse of discretion; and that the defendant has a "well-founded fear" that this judge has already formed an opinion regarding this criminal case which is contrary to the interests of justice.

## STANDARDS GOVERNING DISQUALIFICATION

Without being specific, defendant appears to be seeking disqualification under both 28 U.S.C. § 144 and § 455, but has not filed an affidavit in support of the motion for disqualification.  Section 144 provides:

> § 144. Bias or prejudice of judge
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455 provides in pertinent part:

> § 455. Disqualification of justice, judge, or magistrate.
>
> (a)   Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b)   He shall also disqualify himself in the following circumstances:
>    (1)   Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;   . . .
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>       (i)    Is a party to the proceeding, or an officer, director, or trustee of a party;
>       (ii)   Is acting as a lawyer in the proceeding;
>       (iii)  Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

>           (iv)   Is to the judge's knowledge likely to be a material
>                  witness in the proceeding.

### A.     Disqualification Under § 144

"Recusal under section 144 is mandatory once a party submits a timely and sufficient affidavit and [his] counsel presents a certificate stating that the affidavit is made in good faith." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993), *citing United States v. Balistrieri*, 779 F.2d 1191, 1199-1200 (7th Cir. 1985). The affidavit must satisfy two requirements: it must be *timely* and *sufficient*. An affidavit is not "timely" unless it is filed "at the earliest moment after [the movant acquires] knowledge of the facts demonstrating the basis for such disqualification." *United States v. Barnes*, 909 F.2d 1059, 1071 (7th Cir. 1990), *quoted in Sykes*, 7 F.3d at 1339. Finally, the affidavit must be legally sufficient. "In passing on the legal sufficiency of the affidavit, the Court must assume the truth of the factual assertions even if it 'knows them to be false.'" *Id., quoting Balistrieri*, 779 F.2d at 1199. Further:

> [T]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions or rumors are insufficient. The affidavit also must show "that the bias is personal rather than judicial, and that it stems from an extrajudicial source *some source other than what the judge has learned through participation in the case*."

7 F.3d at 1339, *quoting Balistrieri*, 779 F.2d at 1199 (emphasis added).

#### 1.     Timeliness of the Motion

Failure to file a timely affidavit is fatal to a claim under § 144. *Sykes*, 7 F.3d at 1339. Section 144 requirements are considered to be "stringent." *Id.* As the *Sykes* court noted: "Two months after the allegedly prejudicial [act] is certainly not 'at the earliest possible moment' after discovery of the prejudice." *Id., quoting Barnes*, 909 F.2d at 1071-72.

Here, the defendant did not file an affidavit contemporaneously with his motion, rather he filed the motion for disqualification because he "believes" this Judge to be biased. Given that

3

there is no affidavit filed in support of the motion, the Court's analysis under § 144 could end here. However, in light of the fact that the defendant drafted this motion himself, the Court will consider this to be his "affidavit." The Court notes that in this case timing is significant. The Seventh Circuit has stated: "We cannot permit parties to postpone filing affidavits until after an alleged prejudice manifests itself without eviscerating the timing requirement altogether." *Sykes*, 7 F.3d at 1339, n.11. The motion is not timely filed. Defendant's assertions of bias stretch throughout the life of this case, and do not involve a limited or even discrete period of time.

    2.    **Allegations of Bias**

Moreover, even if the Court construes defendant to have timely filed an affidavit, it nonetheless still fails to meet the requirements of § 144. "[T]he facts averred [in a § 144 affidavit] must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *Id.* at 1339. The affidavit must show "that the bias is personal rather than judicial, and that it stems from an extrajudicial source some source *other than what the judge has learned through participation in the case*." *Id.* (emphasis added). The Court notes that this motion/affidavit asserts bias simply based on the defendant's "well-founded fear" that this Judge has somehow formed an opinion against him.

To the extent that this opinion would be based on matters that the Court has learned during the course of this litigation, that is not a basis for disqualification. The Supreme Court addressed the extrajudicial source doctrine in *Liteky v. United States*, 510 U.S. 540, 550 (1994). The Court stated:

> It seems to us that the origin of the "extrajudicial source" doctrine, and the key to understanding its flexible scope (or the so called "exceptions" to it), is simply the pejorative connotation of the words "bias or prejudice." Not *all* unfavorable disposition towards an individual (or his case) is properly described by those terms.

*Id.*(emphasis added). Further:

> The words [bias and prejudice] connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate,* either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess (for example, a criminal juror who has been biased or prejudiced by receipt of inadmissible evidence concerning the defendant's prior criminal activities), or because it is excessive in degree (for example, a criminal juror is so inflamed by properly admitted evidence of a defendant's prior criminal activities that he will vote guilty regardless of the facts).  The "extrajudicial source" doctrine is one application of this pejorativeness requirement to the terms "bias" and "prejudice" as they are used in §§ 144 and 455(b)(1) with specific reference to the work of judges.

*Id.*

Therefore, "judicial rulings alone almost never constitute valid basis for a partiality motion," nor will "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings" unless they "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Id.* at 555.

**B.**     **Disqualification under § 455**

Section 455 provides for disqualification in a number of instances where a judge's impartiality might reasonably be questioned.  Section 455(a) provides for disqualification of a judge "in any proceeding in which his impartiality might reasonably be questioned," and is the more general "open-ended standard."  *Matter of Hatcher,* 150 F.3d 631, 637 (7th Cir. 1998). Section 455(b) provides specific instances where disqualification is warranted.  "The standard in any case for a §455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer."  *Id.*  In *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) the court stated that §455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits.  This is an objective inquiry." (Citations omitted.)  *See also Liteky*  510 U.S. at 548 where the Court stated "what matters is not the reality of bias or prejudice but its appearance."

5

Here, defendant's main concern seems to be the fact that the Court has considered and rejected his repeated requests to be released on bond. The Supreme Court determined that the "extrajudicial source" doctrine is more properly a factor to consider in both § 144 and § 455 recusal motions.

> Since neither the presence of an extrajudicial source necessarily establishes bias, nor the absence of an extrajudicial source necessarily precludes bias, it would be better to speak of the existence of a significant (and often determinative) "extrajudicial source" *factor,* than of an "extrajudicial source" *doctrine,* in recusal jurisprudence.

*Id.* at 554-55. The Supreme Court concluded that the true issue governing recusal is the appearance of a wrongful or inappropriate bias or prejudice, i.e. whether the judge has a "inability to render fair judgment." *Id* at 555. As *Liteky* noted, matters learned in prior proceedings and a "judge's ordinary efforts at courtroom administration–even a stern and short-tempered judge's ordinary efforts at courtroom administration–remain immune" from bias and prejudice attacks. *Id.* at 556. Similarly, defendant asserts, without more, that the Court has failed to act on his motions in a timely manner. This assertion does not establish bias by the Court against the defendant.

The standard is "not the reality of bias or prejudice but its appearance," *id.* at 548, and this Court must resist improper use of the recusal statute. As the Third Circuit stated: "[W]e remain ever mindful that attacks on a judge's impartiality may mask attempts to circumvent that judge's anticipated adverse decision." *In re Antar*, 71 F.3d 97, 101 (3d Cir. 1995). Section 455 "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995), *quoting Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986). Neither is the statute intended to "bestow veto power over judges or to be used as a judge shopping device." 71 F.2d at 351. Certainly "a judge has as strong a duty to sit when

there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Id.*

There is a general presumption that a court acts according to the law and not personal bias or prejudice. *Withrow v. Larkin*, 421 U.S. 35, 47(1975). A sufficient affidavit contains facts that, if true, would convince a reasonable person that actual bias or prejudice exists on the part of the judge. *United States v. Barnes*, 909 F.2d 1059, 1071 (7th Cir. 1990). Defendant's motion simply does not meet these standards under even the most liberal of readings.

## CONCLUSION

Clearly here, the assertions of defendant's motion rest on his dissatisfaction with the Court's rulings, the nature of those rulings, the timeliness of those rulings, and the fact that he is still being held in the County jail. None of the grounds defendant has asserted warrant or require disqualification. Losing a motion, or receiving an unfavorable ruling, or not being found to be a credible witness by the Judge in a proceeding, does not amount to bias or prejudice under the provisions of either §§ 144 or 455. Similarly, the fact that the Court has determined that the defendant is a flight risk and a danger to the community, and therefore, is to be held without bond is not a basis for granting a recusal motion. Accordingly, the Court **DENIES** defendant's motion for disqualification on all grounds asserted.

**IT IS SO ORDERED.**

**DATED: October 2, 2006.**

                                        **s/ WILLIAM D. STIEHL**
                                           **DISTRICT JUDGE**