IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 04-CR-30139-SMY-1 |
| | ) |
| DOUGLAS E. FARMER, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Pending before the Court are Defendant Douglas E. Farmer's Emergency Motion for Compassionate Release Due to Covid-19 (Doc. 1203) and the Government's Motion to Dismiss (Doc. 1211), to which Defendant has not responded. For the following reasons, Defendant's Motion is **DENIED** and the Government's Motion is **GRANTED**.

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*.

Farmer asserts he filed his motion only 2 days after seeking relief from the Warden at the Yazoo City Low Federal Correctional Institution.[1]  Nevertheless, he argues the exhaustion

---

[1] The Government maintains Farmer did not submit a request for compassionate release at all and Defendant has not provided proof of the same.

requirement should be waived given the extraordinary circumstances presented by the COVID-19 pandemic and the associated risks to his health and safety.

The exhaustion requirement is mandatory: Defendant must either fully exhaust his administrative remedies or wait 30 days after making a request of the warden with no response before filing suit. *United States v. Alam*, 960 F.3d 831, 833-4 (6th Cir. 2020); *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (Noting that the failure to exhaust "presents a glaring roadblock foreclosing compassionate release."); *United States v. Elion*, 2020 WL 4284354 (S.D. Ill. 2020).

Accordingly, Defendant's Emergency Motion for Compassionate Release (Doc. 1203) is **DENIED** and the Government's Motion to Dismiss (Doc. 1211) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: August 25, 2020**

**STACI M. YANDLE**
**United States District Judge**